UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARIA MEDINA, :
:
                Plaintiff, :
:
       -against- : **SUMMARY ORDER OF REMAND**
: 17-cv-2984 (DLI)(JO)
BEST BUY CO., INC., :
:
                Defendant. :
----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief Judge:**

On May 17, 2017, defendant Best Buy Co., Inc. ("Defendant") filed a notice to remove this action from the Supreme Court for the State of New York, Kings County, to this Court. (Notice for Removal, Dkt. Entry No. 1 (the "Notice").) For the reasons set forth below, this case is remanded *sua sponte* to the state court.

## BACKGROUND

On April 26, 2017, Maria Medina ("Plaintiff") commenced this action in state court, alleging she sustained injuries due to Defendant's negligence at a Best Buy department store located at 625 Atlantic Avenue in Brooklyn, New York. (Compl., Dkt. Entry No. 1-1 (the "Complaint").) Specifically, Plaintiff claims that she "was caused to trip and fall due to a dangerous condition which was boxes and debris left strewn about and thereby sustain[ed] severe injuries . . . due to the negligence of the defendant[.]" (*Id.* ¶ 4.) Plaintiff further claims she "did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate [the] same." (*Id.* ¶ 17.) The Complaint does not describe the extent of Plaintiff's injuries, nor state the amount of damages she has suffered.

On May 17, 2017, Defendant removed the case to this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. (Notice at

¶ 1.) However, Defendant does not set forth how Plaintiff's damages meet the jurisdictional amount, stating only that "Plaintiff's Complaint . . . asserts monetary damages related to personal injuries in a non-specified amount. However, Plaintiff specifically claims that as a result of the incident complained of therein, she sustained 'severe injuries.' . . . As such, Defendant, Best Buy Co., Inc., believes that [the] amount [in] controversy herein exceeds $75,000, exclusive of interest and costs." (*Id.* ¶ 3.) Thus far, Plaintiff has not filed a motion for remand.

## **DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district

courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy jurisdictional requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). In this case, Defendant fails to meet its burden to show that the jurisdictional amount has been satisfied, as it relies solely on Plaintiff's general assertion that she sustained "severe injuries." (*See* Notice ¶ 3; Compl. ¶ 17.) The Complaint did not specify an amount of damages (*see generally* Compl.), and the Notice does not describe any attempt made by Defendant to ascertain a damages amount (*see generally* Notice). Indeed, Defendant acknowledges that the claimed damages were "in a non-specified amount" and that it merely "believes," based on Plaintiff's allegation regarding her "severe injuries," that the amount in controversy exceeds $75,000. (*See* Notice at ¶ 3.)

Additionally, Defendant cannot meet its burden in this case by relying on the face of the Complaint because the Complaint neither alleges a damages amount nor provides any information concerning the nature and extent of Plaintiff's injuries or the treatment received. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegation that Plaintiff "was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future." (Compl. at ¶ 17.) Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate

3

to support federal diversity jurisdiction. *See Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages").[1] As Defendant have failed to meet its burden, this Court lacks subject matter jurisdiction over this case.

The Court notes that Defendant was not without recourse to determine the amount of damages Plaintiff seeks. Pursuant to CPLR § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id.* Rather than prematurely removing the action to this Court, Defendant should have availed itself of the appropriate statutory provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages. *Noguera*, 2011 WL 5117598, at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Accordingly, the Court finds that based on the information contained in the Complaint and the Notice, Defendant has failed to show a reasonable probability exists that Plaintiff's claim is in

---

[1] Plaintiff's statement that she "has been damaged in the amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction," does not help Defendant's cause either because it merely conveys that Plaintiff seeks more than $25,000, which is the jurisdictional limit of the Civil Court of the City of New York. *See Woodley v. Massachusetts Mut.*, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 213 A.D.2d 617, 624 (2d Dep't 1995); *see Woodley*, 2008 WL 2191767 at *2 n.3 (collecting cases).

excess of $75,000. Therefore, remand to the state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index No. 508192/2017.

SO ORDERED.

Dated: Brooklyn, New York
       June 14, 2017

/s/
DORA L. IRIZARRY
Chief Judge